UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| REGINALD BUTLER,<br>    Petitioner,<br><br>v.<br><br>STEVEN O'BRIEN, Superintendent,<br>Old Colony C.C.,<br>    Respondent. | )<br>)<br>)<br>)    Civil Action No. 07cv11398-NG<br>)<br>)<br>)<br>) |

GERTNER, D.J.:

**MEMORANDUM AND ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS**
February 18, 2010

## I.   INTRODUCTION

Reginald Butler is serving a life sentence for aggravated rape. Since he has been denied relief in the state courts, he petitions for a writ of habeas corpus under 28 U.S.C. § 2254. He claims that the factor raising his crime from rape to aggravated rape, that the victim sustained "serious bodily injury," is void for vagueness; that the trial court's failure to give a jury instruction on serious bodily injury violated his right to due process and a fair trial; that the trial court's failure to give a jury instruction on the lesser included offense of rape likewise deprived him of due process and a fair trial; and that his trial and appellate counsel were constitutionally ineffective. Having carefully considered the parties' memoranda and the proceedings in state court, I now **DENY** Butler's habeas petition (document #1).

## II.   BACKGROUND

The Massachusetts Appeals Court has summarized the facts of the underlying crime:

> The victim, a teenager who should have gone to school but decided to sleep in, woke around noontime [on February 8, 1999] to find the defendant sitting on her bed, his windbreaker hood pulled down to conceal his face. Over a twenty-minute period he raped the victim, holding a sharp silver object (a knife or a pair of scissors) to her neck and punching her repeatedly in the ribs. He

> then told her to lie face down so she would not see him, then left. The victim immediately called a friend to report what had happened, and before the day was out she went to Brockton Hospital, which followed standard post-rape protocol (rape kit, etc.). In telling friends, police, and hospital workers about the incident, the victim stated she did not know the assailant, primarily, she later said, because she feared retribution to her and her family. About five weeks after the rape, the victim admitted, first to a close friend and eventually to the police, that she had in fact recognized the assailant as a cousin of her neighbor. Eight days later she picked the defendant from a photo array, and DNA testing of the defendant compared to the vaginal swab (in the rape kit) confirmed the identification.

Commonwealth v. Butler, 61 Mass. App. Ct. 1110, 2004 WL 1301796, at *1 (Mass. App. Ct. 2004) (hereinafter "Butler I").

The state indicted Butler for aggravated rape, Mass. Gen. Laws ch. 265, § 22(a), home invasion, ch. 265, § 18C, breaking and entering in the daytime, ch. 266, § 17, assault and battery with a dangerous weapon, ch. 265 § 15A, and for being an habitual offender, ch. 279, § 25. On February 1, 2002, a jury convicted him of aggravated rape but acquitted him of the other charges before them. After a separate bench trial held on February 8, 2002, he was also convicted on the habitual offender charge. The court sentenced him to life in prison, the maximum term for aggravated rape.

On direct appeal, the Massachusetts Appeals Court rejected various claims, including an argument that a jury verdict for aggravated rape could not stand where no evidence was introduced at trial that the victim sustained serious bodily injury. Butler I, 2004 WL 1301796, at *1. Butler requested further appellate review by the Supreme Judicial Court ("SJC") but was denied. Commonwealth v. Butler, 442 Mass. 1107, 1107 (2004).

Butler filed a pro se motion to reduce the verdict from aggravated rape to rape, pursuant to Mass. R. Crim. P. 25(b)(2), on September 23, 2005. Then, with the help of counsel, he filed a motion for new trial under Rule 30 on February 10, 2006. In these filings, he contended that the evidence was insufficient to prove serious bodily injury, that the jury should have been instructed on the meaning of the term, that the aggravated rape statute was void for vagueness, that the court's failure to instruct the jury on the lesser included offense of rape constituted grounds for a reduced verdict, and that both trial and appellate counsel had provided ineffective assistance for failing to make these arguments. The Superior Court denied the latter without a hearing on February 27, 2006, finding "that defendant is now seeking to reargue issues that were raised in defendant's appeal" and that he had raised "no substantial issue." Order on Motion for New Trial, PLCR1999-2060. The court then denied the motion to reduce the verdict on March 9, 2006, with a margin order referring to the denial of the motion for new trial.

Appeals from both denials were consolidated before the Appeals Court. There, Butler claimed that the trial court's failure to identify and define the term "serious bodily injury" permitted a legally insufficient case to reach the jury. He also repeated his void for vagueness, ineffective assistance of counsel, and verdict reduction arguments. The Appeals Court affirmed the rulings of the Superior Court in all respects. Commonwealth v. Butler, 68 Mass. App. Ct. 1112, 2007 WL 764331 (2007) (hereinafter "Butler II"). On March 28, 2007, Butler filed a petition for rehearing, which was denied on July 2, 2007. He again sought further review, and the SJC again denied his request. Commonwealth v. Butler, 449 Mass. 1107, 1107 (2007). He filed the instant federal habeas petition on July 30, 2007.

## III.    DISCUSSION

Petitioner advances four arguments: (1) the aggravated rape statute is void for vagueness as applied to Butler because it does not define "serious bodily injury"; (2) the trial court's failure to instruct the jury on the meaning of "serious bodily injury" violated his right to due process and a fair trial; (3) the trial court's failure to give a jury instruction on the lesser included offense of rape deprived him of due process and a fair trial; and (4) his trial and appellate counsel were constitutionally ineffective for failing to raise these and related arguments.

Respondent argues that these claims are either procedurally defaulted or else cannot meet the standard for habeas relief set out under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Failure to meet a state procedural requirement is such an independent and adequate state ground.  Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (citing Harris v. Reed, 489 U.S. 255, 262 (1989)); see also Glacken v. Dickhaut, 585 F.3d 547, 550-51 (1st Cir. 2009).  This doctrine of procedural default shall not apply if the petitioner can show "cause" and "prejudice" to excuse the default or demonstrate that failure to consider his claims will result in a "fundamental miscarriage of justice."  Thompson, 501 U.S. at 749-750 (quoting Harris, 489 U.S. at 262; Murray v. Carrier, 477 U.S. 478, 485 (1986)); see also Glacken, 585 F.3d at 551.

With respect to those claims that are not procedurally defaulted, which this Court can consider on the merits, a federal court must determine whether the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).[1]

I address each of the four claimed grounds for relief in turn.

### A. Void for Vagueness

The state criminal statute for aggravated rape provides the following:

> Whoever has sexual intercourse or unnatural sexual intercourse with a person, and compels such person to submit by force and against his will, or compels such person to submit by threat of bodily injury and if either such sexual intercourse or unnatural sexual intercourse results in or is committed with acts resulting in serious bodily injury, or is committed by a joint enterprise, or is committed during the commission or attempted commission of an offense defined in section fifteen A, fifteen B, seventeen, nineteen or twenty-six of this chapter, section fourteen, fifteen, sixteen, seventeen or eighteen of chapter two hundred and sixty-six or section ten of chapter two hundred and sixty-nine shall be punished by imprisonment in the state prison for life or for any term of years.

Mass. Gen. Laws ch. 265, § 22(a). Of the possible aggravating factors -- serious bodily injury, joint enterprise, or commission in the course of a listed offense -- only the first applied in Butler's case. He contends that the phrase "serious bodily injury," undefined in the statute, is void for vagueness within the meaning of the Due Process Clause of the Fourteenth Amendment. This is necessarily a vagueness claim "as applied" to his particular case, since vagueness "challenges to statutes which do not involve First Amendment freedoms must be examined in the

---

[1] Where the habeas challenge involves the allegation that the state court made an unreasonable determination of fact, federal courts must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007).

light of the facts of the case at hand." United States v. Mazurie, 419 U.S. 544, 550 (1975); see also United States v. Williams, 128 S. Ct. 1830, 1845 (2008).

There is no issue of procedural default here. While Butler failed to make the void-for-vagueness argument at trial or on direct appeal, raising it for the first time in his motion for new trial and then again on appeal from the denial of that motion, the appeals court did not reject his claim on the basis of procedural default. Instead, it ruled on the merits, deeming the argument "unpersuasive" in light of the cases cited by the court on direct appeal that lend content to the phrase "serious bodily injury." Butler II, 2007 WL 764331, at *2. Where the highest state court to rule on a claim does not rely on the procedural violation in rejecting the claim, the doctrine of procedural default does not bar federal court review. Thompson, 501 U.S. at 735.

The next question is whether the state court's ruling was contrary to or an unreasonable application of Supreme Court precedent. The appeals court explained that "[a] statute is void for vagueness where it is defined in terms that are not 'sufficiently clear to permit a person of average intelligence to comprehend what conduct is prohibited.'" Butler II, 2007 WL 764331, at *2 (quoting Commonwealth v. Clint C., 430 Mass. 219, 227 (1999)). This language echoes the Supreme Court's statement that a statute is void for vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." Bouie v. City of Columbia, 378 U.S. 347, 351 (1964) (quoting United States v. Harriss, 347 U.S. 612, 617 (1954)).

The state court's rejection of the void-for-vagueness claim was not an unreasonable application of Bouie and its related cases. The appeals court ruled that serious bodily injury "is not a technical concept, but one which can be understood from common experience" and further

noted that "the defendant ignores the cases cited by this court in affirming his conviction on direct appeal." Butler II, 2007 WL 764331, at *2. The appeals court, in rejecting the related claim on direct appeal that there had been insufficient evidence for the jury to find that the victim incurred serious bodily injury, held:

> The linear abrasion on the defendant's neck (to which the defendant held the knife), the "[d]iffuse tenderness to [the victim's] left rib cage," and the "3mm tear at [her] vaginal introitus" are similar in proportion to the injuries held sufficient in Commonwealth v. Pontes, 402 Mass. 311, 319 n.7 (1988) (abrasions to victim's head and lower abdominal pain), Commonwealth v. Sumner, 18 Mass. App. Ct. 349, 352 (1984) (bruises, scrapes on throat and back), and Commonwealth v. Coleman, 30 Mass. App. Ct. 229, 232-234 (1991) (swollen eye and face, facial bruises).

Butler I, 2004 WL 1301796, at *1. In citing back to its earlier opinion, the appeals court indicated that the existence of prior cases in which serious bodily injury was found on similar facts gave persons of average intelligence the notice necessary to understand what conduct could be found to constitute aggravate rape.

Butler counters that the term "serious bodily injury" is used in seventeen different places in the state code, each time specifically defined, and each definition covering harm more severe than that involved here. See, e.g., Mass. Gen. Laws ch. 119, §§ 21, 26 (for petitions to dispense with parental consent to adoption, meaning "injury which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ or mental faculty"); id. ch. 265, § 13A (for assault and battery, meaning "injury that results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death"). Notably, however, there is no definition of the term as it applies in the aggravated rape statute; moreover, the state courts have

never interpreted the term with reference to any of the myriad definitional provisions found elsewhere in the general code. To the contrary, the SJC and the appeals court have upheld convictions on facts reflected in the cases cited by the appeals court in Butler I.

The Supreme Court has held that "[f]or the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation 'we must take the statute as though it read precisely as the highest court of the State has interpreted it.'" Wainwright v. Stone, 414 U.S. 21, 22-23 (1973) (quoting Minnesota ex rel. Pearson v. Probate Court, 309 U.S. 270, 273 (1940)); see also United States v. Lanier, 520 U.S. 259, 266 (1997) (noting that "clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute"). Where an intermediate appeals court has spoken, its words may also be authoritative for the purpose of a vagueness analysis if, as in Massachusetts, its published opinion must be followed by the inferior courts, and the state's highest court has denied review. See Kolender v. Lawson, 461 U.S. 352, 356 n.4 (1983); Horner v. Boston Edison Co., 45 Mass. App. Ct. 139, 140-41 (Mass. App. Ct. 1998); Rhodes v. AIG Domestic Claims, Inc., 20 Mass. L. Rep. 491 (Mass. Super. Ct. 2006). Two of the cases cited by the court in Butler I fit this category: Commonwealth v. Pontes, 402 Mass. 311 (1988), was a decision of the SJC and in Commonwealth v. Sumner, the SJC denied review. 393 Mass. 1101 (1984). (Commonwealth v. Coleman, 30 Mass. App. Ct. 229, 232-234 (1991), was never appealed and arguably offers less compelling authority.) The issue, then, is whether the Pontes and Sumner decisions cited by the appeals court in denying Butler's void-for-vagueness claims provided fair notice to the petitioner and adequate clarity to govern law

enforcement. See City of Chicago v. Morales, 527 U.S. 41, 56 (1999); Kolender v. Lawson, 461 U.S. at 358.[2]

Butler argues that the injuries in Pontes and Sumner were "far more significant" than in his case and further that any language in those opinions that may have provided notice or adequate clarity was dicta. Pet.'s Mem. in Supp. at 19-22 (document # 8-6). I disagree. In these cases, the state courts held unequivocally that injuries similar to those in the instant case could constitute "serious bodily injury" under the aggravated rape statute. In Pontes, the SJC upheld convictions of two men for aggravated rape for forcing a woman to have oral and vaginal sex in a car with them. 402 Mass. at 313. One of the men had punched the victim in the face. Id. at 312. After the rapes, while the victim was standing outside the car, one of the defendants backed up the car and in the process struck her with an open door. Id. at 313. She experienced abrasions on her head and pain in her lower abdomen. Id. at 319 n.7. The court clearly held that the evidence "would permit the jury to conclude that the victim was subject to nonconsensual sexual intercourse, with resulting serious bodily injury and as part of a joint enterprise." Id. The fact that the court found sufficient evidence to support two aggravating factors did not weaken its finding with regard to serious bodily injury. See, e.g., Sybron Transition Corp. v. Sec. Ins. Co., 158 F. Supp. 2d 906, 919 (E.D. Wis. 2000) ("The existence of alternate holdings does not make either one dicta.")

---

[2] A statute may be void for vagueness as applied to a particular defendant even if he could have been charged with a lesser offense. See Bouie, 378 U.S. at 353-54 (implying that a state court cannot "aggravate[] a crime, or make[] it greater than it was, when committed"). Nevertheless, constitutional vagueness is obviously harder to establish when defendants challenge only a factor that aggravates a lesser criminal offense. The defendant would already be on notice that the conduct in the lesser included offense was unlawful, and law enforcement officers could properly arrest the individual as long as they had probable cause for the lesser offense.

In <u>Sumner</u>, a man subdued a woman by choking her and then raped her. 18 Mass. App. Ct. at 351. That night at the hospital, a doctor observed bruising and scrapes on her throat and back. <u>Id.</u> at 352. The appeals court upheld the conviction for aggravated rape, finding the evidence sufficient to establish serious bodily injury beyond a reasonable doubt. <u>Id.</u> It also held the evidence sufficient to find the defendant guilty of kidnapping, an independent aggravating factor, but again, this separate holding did not bear on its analysis of the injury evidence.

Likewise, in the instant case, Butler's victim sustained a linear abrasion to the neck, tenderness in the ribs where she had been punched several times, and vaginal tearing. I cannot say that the injuries involved in the precedents discussed here were so much more serious as to make it insufficiently clear that the aggravated rape statute applied.[3] The decision of the appeals court did not involve an unreasonable application of Supreme Court law, and Butler is not entitled to a habeas writ on vagueness grounds.

### B.    **Failure to Provide a Jury Instruction on "Serious Bodily Injury"**

Petitioner's second claim is that the trial court's failure to define serious bodily injury for the jury violated his rights to due process and a fair trial. The appeals court denied this claim on his motion for new trial because "there was no request for such an instruction, no objection to the instruction given by the judge, and no issue presented in the direct appeal." <u>Butler II</u>, 2007 WL

---

[3] Butler suggests that the jury did not believe that he had used the knife or scissors to cause the neck abrasion because he was acquitted of assault and battery with a dangerous weapon. I find that the appeals court was not unreasonable in concluding that the jury disbelieved the victim's testimony regarding the sharp object, because the acquittal "could be the product of a mistake, compromise or leniency." <u>United States v. Dean</u>, No. 08-3287, 2009 U.S. App. LEXIS 17869, at *14 (7th Cir. July 31, 2009); <u>see also</u> <u>United States v. Lopez</u>, 944 F.2d 33, 41 (1st Cir. 1991) ("[V]erdict inconsistency in itself is not a sufficient basis for vacating a conviction.") (citing <u>United States v. Powell</u>, 469 U.S. 57 (1984); <u>Dunn v. United States</u>, 284 U.S. 390 (1932)); <u>Commonwealth v. Pease</u>, 49 Mass. App. Ct. 539, 542 (Mass. App. Ct. 2000) ("Where . . . there are multiple counts, factual inconsistencies in verdicts rendered on those multiple counts do not afford a ground for setting aside a conviction as long as the evidence is sufficient to support a conviction on the count on which the guilty verdict was reached."). Butler has not presented clear and convincing evidence to rebut the presumption that the appeals court determined the facts correctly. See <u>Schriro</u>, 550 U.S. at 473-74.

764331, at *2. In fact, Butler *had* raised this issue on direct appeal,[4] but his failure to do so at trial, when the argument was first available to him, was adequate basis for the appeals court to invoke the doctrine of procedural default. See Burks v. Dubois, 55 F.3d 712, 716 (1st Cir. 1995) ("Massachusetts has a routinely enforced, consistently applied contemporaneous objection rule."); Commonwealth v. Jackson, 419 Mass. 716, 719 (1995) (noting that a constitutional challenge not raised a trial may be considered on appeal only if there is a "serious and obvious error creating a substantial risk of a miscarriage of justice" (quoting Commonwealth v. Pares-Ramirez, 400 Mass. 604, 609 (1987))); Commonwealth v. Oakes, 407 Mass. 92, 94-95 (1990).

Nevertheless, the court did not merely rely on the doctrine of procedural default to reject the claim. It commented on the merits, indicating that it did not believe the instruction was necessary, as well:

> The defendant's contention that the failure to define serious bodily injury deprived him of a fair trial or due process is similarly unpersuasive. It is not a technical concept, but one which can be understood from common experience. In any event, where, as here, there was no request for such an instruction, no objection to the instruction given by the judge, and no issue presented in the direct appeal, we conclude that there was no substantial risk of a miscarriage of justice.

Butler II, 2007 WL 764331, at *2. That it actually relied on procedural default as a ground for denying the claim, however, is clear from the final sentence excerpted here. As the First Circuit has held, "the procedural bar doctrine applies even if a state court reaches the merits of a claim

---

[4] The first issue presented in his brief on appeal read as follows: "Whether a jury verdict for aggravated rape can stand where the judge instructed the jury that they could only find the defendant guilty of aggravated rape if they found the victim sustained serious bodily injury where no evidence was introduced at trial that the victim sustained serious bodily injury and where the court did not define serious bodily injury." Br. for the Def. at 1 (Mar. 14, 2003) (emphasis added). While the court ruled on the sufficiency issue, it did not address the lack of a jury instruction.

in an alternative holding, 'as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision.'" Perry v. Abdal-Khallaq, No. 92-1072, 1992 WL 119397, at *2 (1st Cir. 1992) (quoting Harris v. Reed, 489 U.S. at 264 n.10).  Nor does the appeals court's finding of "no substantial risk of miscarriage of justice" revive the issue.  Horton v. Allen, 370 F.3d 75, 81 (1st Cir. 2004) ("The SJC did review the claim for a 'substantial miscarriage of justice,' but this sort of limited review does not work a waiver of the contemporaneous objection requirement.").  Under Massachusetts law, issues not previously raised are waived unless such a substantial risk would result.  See, e.g., Jackson, 419 Mass. at 719.  The court's determination that there was no potential for an unjust result if it failed to consider the procedurally waived claim only underscores the original conclusion that the procedural bar should stand.

Butler cannot establish cause to overcome the procedural default.  Although he has not argued it here, ineffective assistance of trial counsel would qualify as cause.  Murray, 477 U.S. at 488.  But as the appeals court noted, "insofar as the defendant claims that trial counsel was ineffective because he did not press the issue of serious bodily injury, the defendant's quarrel is with the legitimate trial strategy of his counsel," which "as reflected in the defendant's opening and closing, was to claim that the sexual intercourse was consensual."  Butler II, 2007 WL 764331, at *3.  Butler has not provided evidence to gainsay the court's view of trial counsel's strategy or to challenge the presumption that the trial strategy was reasonable.  See infra Section III.D; Broom v. Mitchell, 441 F.3d 392, 401 (6th Cir. 2006) (citing Murray, 477 U.S. at 485); see also Knight v. Spencer, 447 F.3d 6, 18 (1st Cir. 2006).  Nor can he meet the standard for miscarriage of justice or actual innocence, which requires him to show by a preponderance of the evidence that a reasonable jury would have acquitted him had an instruction been given.  See

Rodriguez v. Russo, 495 F. Supp. 2d 158, 170 (D. Mass. 2007) (citing Schlup v. Delo, 513 U.S. 298, 316 (1995); Burks, 55 F.3d at 717).  Indeed, had counsel requested an instruction, the trial judge may have fashioned one after the verdicts in Pontes, Sumner, and Coleman, to Butler's detriment.  Having found the claim to be procedurally defaulted, I have no jurisdiction to review the merits.

### C.     Failure to Provide a Jury Instruction on the Lesser Included Offense of Rape

Petitioner's third claim -- that the failure of the trial judge to provide a jury instruction regarding the lesser included offense of rape established a violation of due process and his right to a fair trial -- is plainly procedurally defaulted.  See Commonwealth v. Randolph, 438 Mass. 290, 293-94 (2002) (noting that challenges to jury instructions are waived when defendants fail to raise the issue at trial and on direct appeal).  Butler's counsel neither requested such an instruction nor objected when the trial court denied the Commonwealth's request for the same. Butler II, 2007 WL 764331, at *3.  Butler did not raise the issue on direct appeal, either.  See Br. for the Def. at 1 (Mar. 14, 2003).  As the appeals court stated in upholding the denial of Butler's motion for new trial, defense counsel's reticence may have constituted "a tactical decision -- a decision to hold the Commonwealth to a higher burden of proof."  Butler II, 2007 WL 764331, at *3.  As such, Butler cannot establish cause for excusing the default.  Broom, 441 F.3d at 401. He has asserted no other basis for cause and was not actually innocent of aggravated rape.  See Rodriguez, 495 F. Supp. 2d at 170.  Since the state court denied Butler's jury instruction claim based on the state doctrine of procedural default, federal habeas review is precluded.

### D. Ineffective Assistance of Counsel

Petitioner's final claim is that he received ineffective assistance of counsel at both the trial and appellate levels in violation of the Sixth Amendment. He identifies trial counsel's failure to request a jury instruction defining serious bodily injury, to inform the court of other definitions of the term in Massachusetts laws, and to argue unconstitutional vagueness. His claim about appellate counsel rests on failure to raise these issues, to argue ineffective assistance of trial counsel, and to ask for a reduction in the verdict.

The standard for determining whether counsel's performance was constitutionally ineffective is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner must show two things in order to succeed on his argument that he received ineffective assistance of counsel: (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that counsel's ineffectiveness prejudiced the petitioner. Pina v. Maloney, 565 F.3d 48, 54-55 (1st Cir. 2009) (citing Strickland, 466 U.S. at 687-88).

In the instant case, the appeals court applied the SJC decision in Commonwealth v. Saferian, 366 Mass. 89 (1974), which directly parallels Strickland. A court reviewing a claim of ineffective assistance of counsel must review "whether there has been serious incompetency, inefficiency, or inattention of counsel – behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer – and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence [sic]." Id. at 96; see also Mello v. Dipaulo, 295 F.3d 137, 144 (1st Cir. 2002) (noting that the "Saferian standard [is] 'functionally identical to the federal standard'" (quoting Scarpa v. Dubois, 38 F.3d 1, 7 n.4 (1st Cir. 1994)).

The appeals court's decision applying this standard and its determination of the facts were not "unreasonable." The court found that trial counsel pursued a "legitimate trial strategy" of claiming that the sexual intercourse was consensual. Butler II, 2007 WL 764331, at *3. In addition, the court ruled that appellate counsel could not be deficient because "[i]f the defendant received effective assistance of counsel at trial, there can be no argument that appellate counsel was ineffective for failing to argue that trial counsel was ineffective." Id. Furthermore, the court noted that appellate counsel had argued that the evidence was "insufficient to establish serious bodily injury." Id.

Butler describes a number of purported errors by his trial and appellate counsel. Trial counsel did not present other definitions of serious bodily injury in Massachusetts law, did not request a jury instruction on this issue, and did not argue that the statute was void for vagueness as applied to Butler. Again, this conduct can be explained on the basis of trial strategy. The case involved nearly overwhelming evidence that sex had occurred, including identification by the victim and confirmation of this allegation through DNA. In the face of this evidence, the argument that the sex had been consensual was not inappropriate. Likewise, counsel could have concluded that presenting definitions of the term "serious bodily injury," arguing the statute's vagueness, and asking for an instruction on this issue would only serve to call the jury's attention to the victim's injuries.

Since there was a reasonable strategic rationale for failure to raise these issues, as the appeals court held, counsel's conduct did not fall below an objective standard of unreasonableness and was not ineffective as a matter of federal law. See Horton, 370 F.3d at 87; see also Strickland, 466 U.S. at 689 ("[T]he defendant must overcome the presumption that,

under the circumstances, the challenged action 'might be considered sound trial strategy.'" (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955))).

Butler also describes similar "errors" made by appellate counsel regarding "serious bodily injury" -- failure to argue vagueness or the existence of alternate definitions in Massachusetts General Laws. In addition, Butler points to the fact that counsel did not argue that the conviction should be reduced to the lesser included offense of rape, or that trial counsel had been ineffective. As a preliminary matter, the Massachusetts appeals court was correct that appellate counsel cannot be ineffective for failing to raise an ineffective assistance claim about trial counsel, where the evidence suggests trial counsel was adequate. See Larrea v. Bennet, 368 F.3d 179, 183 (2d Cir. 2004) (noting that "if trial counsel's" failure to raise potentially meritorious claims "was not outside the range of reasonably competent assistance, appellate counsel cannot be faulted for failing to argue ineffective assistance of trial counsel"); Morales v. United States, No. 07-10141, 2009 U.S. Dist. LEXIS 49734, at *8 (D. Mass. June 11, 2009) ("Because Morales's claims of ineffective assistance of trial counsel are without merit, appellate counsel's failure to raise them on direct appeal did not violate Morales's Sixth Amendment rights."); see also Vieux, 184 F.3d at 64.

For the rest of the claimed errors, the Supreme Court has explained that appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000) (citing Jones v. Barnes, 463 U.S. 745 (1983); see also Smith v. Murray, 477 U.S. 527, 536 (1986). Ignored claims must have been "clearly stronger than those presented" to

constitute ineffective assistance.  Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985); see also Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Butler's original appellate counsel did raise arguments about the sufficiency of the evidence to show serious bodily injury and the need for a definition of the term.  Much like Butler's later claims based on vagueness and alternate definitions, the effectiveness of these initial arguments depended on other courts' interpretations of the term as used in the aggravated rape statute.  Rather than pursue every iteration of the "serious bodily injury" argument, therefore, counsel may have logically chosen to challenge the conviction on other grounds.  This is particularly clear when compared with the arguments he did raise -- the admissibility of prior convictions, the fact that the grand jury did not learn about the victim's initial denial that she knew the assailant, and the appropriateness of an habitual offender classification.  See Butler I, 2004 WL 1301796, at *1-2; Br. for the Def. at 1, 37, 40, 42 (Mar. 14, 2003).  The appeals court reasonably found that appellate counsel chose to pursue the claims that had the best chance of success, and was effective for purposes of the Sixth Amendment.

Finally, appellate counsel's failure to argue for a reduced verdict can also be explained as a strategic decision.  See Burger v. Kemp, 483 U.S. 776, 784 (1987).  Counsel could have concluded that the other arguments she presented were more likely to succeed.  A Massachusetts trial judge may reduce a verdict to a lesser included offense under Mass. R. Crim. P. 25(b)(2), and the SJC has similar authority in the limited context of a first degree murder charge under Mass. Gen. Laws ch. 278, § 33E, but Massachusetts does not provide for appellate court reduction of an aggravated rape conviction.  See Commonwealth v. Rolon, 438 Mass. 808, 820 (2003) (comparing a trial court's power to reduce a verdict to the SJC's power in first degree

murder cases) (citing Commonwealth v. Woodward, 427 Mass. 659, 666-67 (1998); Commonwealth v. Gaulden, 383 Mass. 543, 555 (1981)).  Moreover, Butler may have been better served by an argument that Butler's conviction could not stand in light of the alleged insufficiency of evidence on "serious bodily injury," than an argument that his conviction should be reduced to a lesser charge that would still carry a substantial penalty.  See Mass. Gen. Laws ch. 265, § 22(b) (providing a maximum sentence for unaggravated rape of 20 years).  Again, where counsel may have had such strategic reasons for deciding not to argue for a reduced verdict, I cannot say that the appeals court's findings and conclusions on ineffective assistance were unreasonable.

## IV.   CONCLUSION

For the reasons provided above, Butler's Petition for Writ of Habeas Corpus (document # 1) is hereby **DISMISSED.**

**SO ORDERED.**

Date:  February 18, 2010            /s/ Nancy Gertner
                                    **NANCY GERTNER, U.S.D.C.**